**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4718

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

EDUARDO RIVERA, a/k/a Mauricio Rodriguez, a/k/a Hector
Almodovar Valentin, a/k/a Daniel Eduardo Rivera,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District
Judge. (1:11-cr-00012-WDQ-1)

Submitted: April 19, 2012          Decided: April 24, 2012

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

James Wyda, Federal Public Defender, Joanna Silver, Staff
Attorney, Baltimore, Maryland, for Appellant. Gregory Robert
Bockin, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Rivera pled guilty to one count of false statement in applying for and using a passport, in violation of 18 U.S.C. § 1542 (2006), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(2), (c)(11) (2006), and was sentenced to two years and one day of imprisonment. Rivera noted a timely appeal. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning the voluntariness of Rivera's guilty plea. Rivera, informed of his right to file a pro se supplemental brief, has not done so. The Government has moved to dismiss the appeal in part pursuant to the waiver of appellate review contained in the plea agreement. We grant the motion for partial dismissal, affirm Rivera's conviction, and dismiss his appeal of issues within the scope of the appellate waiver.

We review de novo the validity of a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and

2

intelligent, we look to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). We will enforce a valid waiver as to issues that are within the scope of the waiver. Blick, 408 F.3d at 168.

Here, the plea agreement waived Rivera's right to appeal his conviction. Further, both parties agreed to waive the right to appeal a sentence of twenty-four months and one day, which they agreed was an appropriate sentence under Rule 11(c)(1)(C). See 18 U.S.C. § 3742(c) (2006) (imposing limitations on appeals of sentences under Rule 11(e)(1)(C), now 11(c)(1)(C)). Our review of the record convinces us that, under the totality of the circumstances, Rivera's waiver was knowing and intelligent. Rivera was represented by counsel and assisted by an interpreter at the Rule 11 hearing; the district court substantially complied with the requirements of Rule 11; and the court thoroughly reviewed the waiver provisions with Rivera, then thirty-four and with some college education. Therefore, Rivera is bound by his appellate waiver.

Our review of the record convinces us that Rivera's guilty plea is knowing, voluntary, and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116,

3

119-20 (4th Cir. 1991).  In accordance with <u>Anders</u>, we have thoroughly examined the entire record for any potentially meritorious issues outside the scope of Rivera's appeal waiver and have found none.  Therefore we affirm Rivera's conviction pursuant to his knowing and intelligent guilty plea and dismiss the appeal as to any other issues.

This court requires that counsel inform Rivera, in writing, of the right to petition the Supreme Court of the United States for further review.  If Rivera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Rivera.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

4